UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIGHRAYA SOTO RAMOS, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

ON INC., ON EXPERIENCE 1 LLC,

Defendants.

___ civ. ____

**NOTICE OF REMOVAL**

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant On Inc. ("On Inc." or "Removing Defendant"), with the consent of Defendant On Experience 1 LLC ("On Experience," and together with On Inc., "Defendants"), hereby gives notice of its removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. As grounds therefore, Removing Defendant states as follows:

1. On September 1, 2026, Plaintiff Zighraya Soto Ramos ("Plaintiff") commenced a collective and class action against On Inc., On Experience, and On Holdings LLC ("On Holdings"), by filing a Summons and Collective and Class Action Complaint in the Supreme Court of the State of New York, County of New York (the "State Court Action") under Index No. 161050/2026.

2. On or around September 8, 2026, On Experience was served with a copy of Plaintiff's Summons and Complaint. On or around October 15, 2026, On Inc. was served with a copy of Plaintiff's Summons and Complaint. A copy of the Summons and Complaint is attached

hereto as **Exhibit A**. On October 1, 2026, Plaintiff and On Holdings entered into a Stipulation of Dismissal of Defendant On Holdings, LLC and Amended Caption, pursuant to which On Holdings was dismissed from the State Court Action without prejudice and the caption was amended to remove On Holdings. The Stipulation was filed in the State Court Action on November 12, 2026 (NYSCEF Doc. No. 6). A copy of the Stipulation is attached hereto as **Exhibit B**.

3. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action. On Experience hereby expressly consents to the removal of the State Court Action to this Court, as evidenced by the signature below of its undersigned counsel, who is duly authorized to provide such consent on its behalf. Because On Holdings was dismissed from the State Court Action prior to removal (*see* **Exhibit B**), it is no longer a party and its consent is not required under 28 U.S.C. § 1446(b)(2)(A). Pursuant to 28 U.S.C. § 1446(b)(2)(C), an earlier-served defendant may consent to removal by a later-served defendant even though it did not previously initiate or consent to removal. Accordingly, all Defendants join in or consent to this removal.

4. A copy of this Notice of Removal, with accompanying exhibits, and a Notice to State Court of Removal are being served upon Plaintiff and will be filed with the Clerk of the Supreme Court of the State of New York, County of New York promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

5. Removing Defendant seeks removal of the State Court Action to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that it is an action over which this Court would have original federal question jurisdiction.

6. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States."

7. In her Complaint, Plaintiff asserts claims and seeks damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, Plaintiff's First Cause of Action alleges violations of the FLSA overtime provisions, 29 U.S.C. § 207, and Plaintiff's Second Cause of Action alleges violations of the FLSA minimum wage provisions, 29 U.S.C. § 206.

8. The FLSA is a law of the United States, and consequently, this Court has original federal question jurisdiction over Plaintiff's FLSA claims.

9. Plaintiff also asserts claims under New York Labor Law ("NYLL"), Article 6, § 190, *et seq.*, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 NYCRR Part 142, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. These state-law claims include: overtime wages (Third Cause of Action), non-overtime wages (Fourth Cause of Action), failure to timely pay wages under NYLL § 191 (Fifth Cause of Action), notice upon hiring under NYLL § 195(1)(a) (Sixth Cause of Action), wage statements under NYLL § 195(3) (Seventh Cause of Action), and spread of hours under 12 NYCRR § 142-2.4 (Eighth Cause of Action). Where a removable claim or cause of action is joined with one or more otherwise non-removable claims or causes of action, "the entire action may be removed" and the district court may determine all issues therein. 28 U.S.C. § 1441(c). The state-law claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution, and thus the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

10. Accordingly, this action is removable in its entirety to this Court pursuant to 28 U.S.C. § 1441.

11. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) and (b)(2)(B), as it is filed within thirty (30) days after On Inc. was served with the Summons and Complaint on

October 15, 2026. Pursuant to 28 U.S.C. § 1446(b)(2)(B), each defendant has thirty (30) days after its own service to file a notice of removal.

12. This is a civil case brought in the Supreme Court of the State of New York, County of New York, and, accordingly, under 28 U.S.C. § 112(b), the United States District Court for the Southern District of New York is the proper forum for removal.

13. On Inc. hereby removes the State Court Action to this Court to comply with the removal deadline under 28 U.S.C. § 1446(b) in the event this action proceeds in court. However, On Inc. does not intend for this removal to waive, and On Inc. instead expressly reserves, any right to compel arbitration. By filing this Notice of Removal or consenting thereto, Defendants do not waive any defenses available to them at law, in equity or otherwise.[1]

This Notice of Removal has been signed by counsel for Defendants in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Removing Defendant, with the consent of On Experience, respectfully requests that the action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court in accordance with the foregoing statutory provisions.

[1] Nothing herein constitutes a waiver of any substantive or procedural rights or defenses of Defendants, including On Inc.'s right and ability to move to compel individual arbitration and to stay this action due to the parties' binding arbitration agreement, and any motions by and remedies available to On Experience for not being dismissed from this action despite not being a proper party to this action.

Respectfully Submitted,

Date: New York, New York
November 12, 2026

**DENTONS US LLP**

*/s/ Ian Carleton Schaefer*
Ian Carleton Schaefer, Esq.
Ayelén R. Rodriguez, Esq.
Dentons US LLP
1221 Avenue of the Americas
25th Floor
New York, NY 10020-1089
Phone: 212-398-3895
ian.schaefer@dentons.com
ayelen.rodriguez@dentons.com

*Counsel for Defendants On Inc. and On Experience 1 LLC*

To:

Joanna Ghosh, Esq.
Miri Trauner, Esq.
Lawyers for Justice, P.C.
217 Broadway, Suite 511
New York, New York 10007
(516) 587-8423